IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **TERRY L. ROSEBORO,** ) | |
|     **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:04-0389** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Petitioner's Letter/Motions for review of his sentence under the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and United States v. Booker, and United States v. Fanfan, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005).[1] (Document Nos. 11-13, 16.) Petitioner alleges that his sentence was unlawfully enhanced by prior criminal convictions and relevant conduct, without the enhancements having been submitted to the jury, in violation of his Sixth Amendment rights. (Id.) By Order filed on April 28, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 17.)

### FACT AND PROCEDURE

On January 11, 2001, Petitioner plead guilty to, and was convicted in the United States District Court for the Western District of North Carolina, of possession with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a). United States v. Roseboro,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Criminal Case No. 00-CR-14 (W.D. N.C. Aug. 8, 2001). (Document No. 1, p. 1.) Petitioner's sentencing hearing was held on July 9, 2001, and by Judgment Order entered on August 8, 2001, the District Court sentenced Petitioner to a 188 month term of imprisonment to be followed by a five year term of supervised release. Id. Petitioner's appeal of his conviction and sentence was dismissed by the Fourth Circuit Court of Appeals on January 16, 2002, upon Petitioner's Motion. United States v. Roseboro, Case No. 01-4556 (4th Cir. (N.C.) Jan. 16, 2002).

Petitioner subsequently filed a Motion to Modify Sentence which was denied by the District Court by Order entered on September 27, 2002. Petitioner then filed on July 28, 2003, a Motion to Vacate, Set Aside and Correct Judgment Under 28 U.S.C. § 2255 in the District Court for the Western District of North Carolina, alleging *inter alia*, ineffective assistance of counsel. Roseboro v. United States, Case No. 5:03-cv-98-2 (W.D. N.C. Oct. 27, 2003). (Document No. 1, p. 3.) The District Court denied Petitioner's § 2255 Motion as untimely filed. (Id.) On February 9, 2004, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal of the District Court's decision. Roseboro v. United States, 2004 WL 233279 (4th Cir. (N.C.) Feb. 9, 2004). On March 8, 2004, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Western District of North Carolina, alleging that his sentence is invalid because the District Court considered state convictions to calculate his term of imprisonment. Roseboro v. United States, Case No. 5:04-cv-24 (W.D. N.C. Mar. 29, 2004). To the extent that Petitioner was seeking to file a second § 2255 Motion, the District Court advised Petitioner that he must first obtain pre-filing authorization from the Fourth Circuit Court of Appeals. Id. To the extent Petitioner had raised a claim cognizable under § 2241, the District Court dismissed his Petition by Order entered on March 29, 2004, for lack of jurisdiction. Id.

Petitioner filed on April 22, 2004, his Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody with Memorandum in Support and Application to Proceed *in Forma Pauperis* in this District Court. (Document Nos. 1-2.) Petitioner contends that the District Court unlawfully enhanced his sentence pursuant to 21 U.S.C. § 851 by considering prior state drug convictions incurred before October 12, 1984, "in direct violation of the double penalty provision of 21 U.S.C. § 841." (Id.) On April 27, 2004, the undersigned entered Proposed Findings and Recommendation that the District Court find that Petitioner's Application is properly considered under 28 U.S.C. § 2255, and that the District Court has no jurisdiction to consider the issues presented by Petitioner's Application. (Document No. 4.) Petitioner objected to the Proposed Findings and Recommendation. (Document No. 5.)

On January 19, 2005, Petitioner filed his Letter/Motion asking the District Court to review his sentence under the Supreme Court's holding in Blakely. (Document No. 11.) Petitioner further filed on February 4, 2005, a Motion to Amend his original § 2241 Application filed on April 22, 2004. (Document No. 12.) The Court understands Petitioner to contend that his sentence was unlawfully enhanced by relevant conduct consisting of certain amounts of drugs. (Id.) On March 3, 2005, Petitioner filed a further Supplemental Motion "seeking an expedited remedy through the silent retroactivity of Booker." (Document No. 13.) In this Motion, Petitioner avers that prior criminal convictions entered in the State of North Carolina were used to unlawfully enhance his sentence. (Id., p. 3.) Petitioner states:

> The first violation, being the fact, that the State convictions, prior to 1984, should never have been used to enhance and second violation being that the Petitioner pled guilty to the indictment, and not to the criminal history that was indeed used illegally to enhance the Petitioner to 188 months' incarceration.

(Id.) Petitioner filed on April 12, 2005, a further Supplemental Motion in which he again challenges

3

the amount of drugs attributable to him pursuant to the Supreme Court's holding in Booker. (Document No. 16.)

By Memorandum and Opinion Order entered April 28, 2005, the District Court denied Petitioner's Application to Proceed *in Forma Pauperis* and deferred ruling on Petitioner's objections to the undersigned's Proposed Findings and Recommendation until after consideration of his claims under Blakely and Booker. (Document No. 17.) For the reasons discussed herein, the undersigned recommends that Petitioner's Motion to Amend and Supplemental Motions be dismissed.

## ANALYSIS

As recommended in the April 27, 2004, Proposed Findings and Recommendation, the undersigned finds that Petitioner's claims are properly considered under 28 U.S.C. § 2255, and not 28 U.S.C. § 2241. The undersigned acknowledges however, that a state of uncertainty persists throughout the prisons and the district courts as to the kind of action in which a Blakely/Booker violation should be raised. For this reason, the undersigned will consider below Petitioner's Blakely/Booker claim.

Petitioner argues that his sentence is unconstitutional under the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither

admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[2] Blakely, 542 U.S. at __, 124 S.Ct. at 2537. On January 12, 2005, the Supreme Court decided United States v. Booker, and United States v. Fanfan, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621, which applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." __ U.S. at __, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" __ U.S. at __, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)).

Petitioner's case has concluded direct review and is final.[3] Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding "that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds

---

[2] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at __, 124 S.Ct. at 2537 (emphasis in original).

[3] For purposes of retroactivity analysis and collateral review, Petitioner's sentence became final on April 16, 2002, ninety days after entry of judgment by the Fourth Circuit. *See* Sup. Ct. R. 13; *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(citing, *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").

it to be retroactive."). Although the Fourth Circuit Court of Appeals has not decided whether Booker applies retroactively to persons whose convictions were final prior to the Supreme Court's decisions in Blakely and Booker, several circuit courts of appeals and district courts have held that it does not.

The Circuit Court of Appeals for the Second Circuit held in Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005), the Second Circuit reaffirmed its decision in Green and expressly held that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Similarly, the Eleventh Circuit decided, in Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Likewise, the Seventh Circuit has ruled that Booker does not apply retroactively to cases on collateral review. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). The Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, [542] U.S. [348], 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." [542] U.S. at _, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841,

6

843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

> The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.
>
> * * *
>
> The Court held in *DeStefano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968), and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. [542] U.S. at __, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. See also *Curtis*, 294 F.3d at 843-44.
>
> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, [542] U.S. [296], 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, see *id.* at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal system.

McReynolds, 397 F.3d at 480-81.

Similarly, the Third Court held in In re Olopade, 403 F.3d 159, 163-64 (3rd Cir. 2005), that

7

Booker is not retroactively applicable to cases on collateral review. The Fifth Circuit recently held that "Booker does not apply retroactively on collateral review for purposes of a successive § 2255 motion." In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005). The Sixth Circuit ruled in Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005) that

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague's* second exception. *Beard [v. Banks*, __ U.S. __], 124 S.Ct. [2504], 2513-14 [159 L.Ed.2d 494 (2004)]. We hold that *Booker's* rule does not either. *Accord McReynolds*, 397 F.3d at 481.

The Tenth Circuit likewise held in United States v. Price, 400 F.3d 844, 848-49 (10th Cir. 2005), that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review as follows:

> A new procedural rule, such as that announced in *Blakely*, will apply retroactively only if it falls into one of two narrow exceptions. *See Teague*, 489 U.S. at 307, 109 S.Ct. 1060. The first exception applies to a new rule that "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 307, 109 S.Ct. 1060 (quotation omitted). *Blakely* does not implicate that exception. [footnote omitted] *See [United States v.] Mora*, 293 F.3d [1213,] 1218 (holding *Apprendi* does not implicate *Teague's* first exception).
> *Teague's* second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *O'Dell [v. Netherland]*, 521 U.S. [151,] 157, 117 S.Ct. 1969 [, 138 L.Ed.2d 351 (1997)]. (quotation omitted). "To qualify as a 'watershed' rule of criminal procedure, the rule must not only improve the accuracy with which defendants are convicted or acquitted, but also alter our understanding of the *bedrock procedural elements* essential to the fairness of the proceeding." *Mora*, 293 F.3d at 1218-19 (quotation omitted). "This exception is defined narrowly." *Id* at 1219.
> *Blakely* did not announce a new watershed rule of criminal procedure that implicates the "fundamental fairness and accuracy of the criminal proceeding." *O'Dell*, 521 U.S. at 157, 117 S.Ct. 1969. First, *Blakely* does not affect the determination of a defendant's guilt or innocence. Rather, it addresses only how a court imposes a sentence, once a defendant has been convicted.
> Further, the Supreme Court has previously determined that a change in the

law requiring that juries, rather than judges, make the factual findings on which a sentence is based did not announce a watershed rule of criminal procedure. [footnote omitted]. *See Summerlin*, [542] U.S. at __ - __, 124 S.Ct. at 2524-26. Similarly, we have previously held that a change in the law requiring juries to find these sentencing facts beyond a reasonable doubt, rather than by a preponderance of the evidence, also does not announce a watershed rule of criminal procedure. *See Mora*, 293 F.3d at 1219 (holding *Apprendi*, including its quantum of proof requirement, did not announce watershed rule); *see also Sepulveda v. United States*, 330 F.3d 55, 61 (1st Cir. 2003) (holding, in addressing *Apprendi's* retroactivity, that "'a decision . . . by a judge (on a preponderance standard) rather than a jury (on the reasonable doubt standard) is not the sort of error that necessarily undermines the fairness . . . of judicial proceedings,'" quoting *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002)); *Coleman v. United States*, 329 F.3d 77, 88-90 (2d Cir. 2003) (rejecting argument that *Apprendi's* requiring Government to prove sentencing factors beyond a reasonable doubt was watershed rule of criminal procedure). We conclude, therefore, that *Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions. *See, e.g., Rowell v. Dretke*, 398 F.3d 370, 2005 WL 151916, at *8 (5th Cir. Jan. 25, 2005); *Rucker v. United States*, 2005 WL 331336, at *1 (D. Utah Feb. 10, 2005); *Gerrish v. United States*, 353 F.Supp.2d 95, 2005 WL 159642, at *1 (D. Me. Jan. 25, 2005); *United States v. Johnson*, 353 F.Supp.2d 656, 2005 WL 170708, at *1 (E.D. Va. Jan. 21, 2005); *see also In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) (noting "the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively"); *cf. McReynolds*, 397 F.3d at 481 (7th Cir. 2005) (holding *Booker* does not apply retroactively in initial § 2255 motions).

A similar conclusion was reached in Rucker v. United States, 2005 WL 331336, No. 2:04-cv-00914PGC (D. Utah, Feb. 10, 2005). Stacy Rucker pled guilty to armed bank robbery in July, 2003, with sentencing in October, 2003, before both Blakely and Booker. His offense level was enhanced for property taken from a financial institution, discharge of a firearm, and loss exceeding $10,000, and reduced for acceptance of responsibility. He filed a Motion under 28 U.S.C. § 2255, asserting that Blakely (and Booker) should be applied retroactively to him, and that his sentence was unconstitutional. The District Court held:

> The approach to sentencing required by the *Blakely* and *Booker* decisions is a new rule. Moreover, it is a procedural rule about the allocation of fact-finding power between judge and jury and about proof beyond a reasonable doubt. Such a new procedural rule applies retroactively only where it implicates the fundamental

9

fairness and accuracy of a criminal proceeding. The *Blakely/Booker* rule does not implicate fundamental fairness. Indeed, *Booker* itself requires the courts to continue to "consider" the Guidelines in imposing sentence. Accordingly, the *Blakely/Booker* rule does not apply retroactively to Mr. Rucker (and others whose convictions became final before *Blakely*).

Rucker v. United States, 2005 WL 331336, *1.

Based on Green, Guzman, Varela, McReynolds, Olopade, Elwood, Humphress, Price, and Rucker, the undersigned proposes that the presiding District Judge find that Petitioner's convictions were final prior to both Blakely and Booker, and that those decisions do not apply retroactively to his sentence.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDS** that the District Court **DENY** Petitioner's Motion to Amend and Supplemental Motions (Document Nos. 11, 12, 13, and 16.) and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: August 11, 2005.

R. Clarke VanDervort
United States Magistrate Judge